## Case No. 15,532.

### UNITED STATES v. KING.

[Cited in U. S. v. Lee, Case No. 15,585. Nowhere reported; opinion not now accessible.]

## Case No. 15,533.

### UNITED STATES v. KING.

[4 Ben. 476;[1] 13 Int. Rev. Rec. 12.]

District Court, E. D. New York. Jan., 1871.

INTERNAL REVENUE — ILLEGAL ASSESSMENT — CAPACITY OF A DISTILLERY.

1. Where the producing capacity of a distillery had been determined by a survey, in accordance with section 10 of the act of July 20, 1868 (15 Stat. 129), and the assessor subsequently, without any new survey being held, determined that the producing capacity was greater, and assessed the distillery accordingly, and a suit was brought on the distiller's bond to recover the excess of the assessment above that which would have been otherwise assessed.

2. The assessment was void, and the excess could not be recovered.

3. Under that section, when the capacity of a distillery, as determined from the original survey, is sought to be changed by the government, it can only be done by a new survey, directed by the commissioner of internal revenue.

At law.

BENEDICT, District Judge. This action is brought upon a distiller's bond to recover the

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

sum of $9,032.35, being the alleged balance of taxes on the distilled spirits manufactured by the defendant [Oscar] King, in the months of November and December, 1869, claimed to be still due and unpaid.

The assessment lists show that the taxes assessed against this distiller, for the period in question, amounted to $21,420.34, of which the balance now claimed, $9.032.35, remains unpaid, and the case turns solely upon the validity of the assessment made by the assessor. This assessment was arrived at by computing the quantity of spirits produced at 80 per cent. of the producing capacity of the distillery, as estimated by the assessor upon a fermenting period of 48 hours, instead of a fermenting period of 72 hours, which last period was the period fixed in the distiller's notice, and was also the period according to which the producing capacity of the distillery was originally estimated and determined by survey, in accordance with the provisions of section 10 of the act of 1868. 15 Stat. 159.

No other survey of the distillery was ever made in the manner required by section 10; but the assessor. without any new survey, thereafter determined the fermenting period to be 48 hours, and assessed the taxes claimed accordingly, without reference to the existing survey, and without reference to the actual amounts of spirits produced. Upon these facts, several questions have been raised, of which it is necessary to consider but a single one. It is contended by the defendants that the assessment is illegal, for the reason that, according to section 10, when the capacity of a distillery, as determined from the original survey, is sought to be changed by the government. it can only be done by a direction from the commissioner of internal revenue to the assessor, to proceed with the aid of some competent and skillful person to be designated by the commissioner, to make a new survey and a new estimate and determination of the producing capacity of the distillery, and a new report thereof to the commissioner, whereas in the present case the assessor acted alone in changing the capacity of the distillery, without the aid of any person designated by the commissioner, and without making any new survey or report.

This point appears to be well taken. The last clause of section 20 refers to the survey provided for in section 10, as the estimate and determination of the producing capacity of the distillery, and basis on which the computation is to be made of taxes due. And section 10 expressly provides for the correction or revision of a survey, and declares that it is to be made in like manner with the original survey.

This provision I consider imperative and as determining the method and the only method by which the producing capacity of a distillery can be changed by the government. The intention appears to be to confer upon the commissioner of internal revenue, the power at any time to institute proceedings for the correction and revision of the survey of a distillery, and to limit the power of the assessor in such case to the making of a new survey and report, with the aid of some competent and skillful person designated by the commissioner. No such new survey was here made; but the assessor alone, without any other survey or report, and without reference to the producing capacity of the distillery, as estimated and determined by the existing survey and report, assessed the taxes sued for. Section 20 does not authorize such an assessment.

Nor is this difficulty cured by the instructions of the commissioner of internal revenue put in evidence, among other reasons, because those instructions, when examined, show an express direction to have a new survey held and report made, as prescribed by sect. 10.

The mode prescribed by law for the correction or revision of the estimated producing capacity of the defendant's distillery not having been followed, the original survey and report furnished the only legal basis upon which the tax could be assessed, and that amount, as the evidence shows, has been paid, with the exception of a small balance of $32.20. For that amount, conceded to be due, the government is entitled to judgment. The rest of the demand must be disallowed.